UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Y.S., et al., | ) | CASE NO. 4:10CV1255 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| BOARD OF EDUCATION OF | ) | **MEMORANDUM OPINION** |
| MATHEWS LOCAL SCHOOL | ) | **AND ORDER** |
| DISTRICT, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is the motion for partial judgment on the pleadings (Doc. No. 18) filed by defendants Board of Education of Mathews Local School District, Mathews Local School District, and Lee Seiple (hereafter, collectively, "defendants").[1] Plaintiffs have filed their opposition (Doc. No. 21) and defendants have filed a reply (Doc. No. 22). For the reasons discussed below, the motion is **GRANTED**.

I. BACKGROUND

Three children (two of whom are minors) and their parents filed a complaint[2] against the Board of Education of Mathews Local School District, Mathews Local School District, Lee Seiple, and Kathy Kotanichek[3] alleging generally that these defendants, "acting

---

[1] Defendant Kathy Kotanichek, who is sued in both her individual and official capacities, has not joined in this motion.

[2] Due to inadvertent disclosure of the identities of the minors, plaintiffs promptly filed a corrected complaint which was substituted by the Clerk for the original Doc. No. 1. The unredacted complaint was attached under seal.

[3] The complaint also named as defendants John/Jane Does 1 through 10. These nominal parties have never been identified or served and are hereby dismissed.

under color of state law, and acting willfully, wantonly, recklessly in a gross and negligent manner, and with deliberate indifference to Plaintiffs' rights, privileges, and immunities, failed to protect Plaintiffs, H.S., Lamia Sassy [sic] and Y.S. from harassment, discrimination, and harm." (Compl. ¶ 2.) More specifically, the complaint alleges that the plaintiff children were subjected to discrimination, harassment and bullying by defendant Kotanichek, their bus driver, which "took the form of constant name-calling, teasing, verbal intimidation and physical assault." (Compl. ¶ 21.) The name-calling was allegedly "racially-themed." (Compl. ¶ 22.) Kotanichek also allegedly "encouraged other students to bully, intimidate, threaten and mistreat [the children] based on [their] religion, and national origin." (Compl. ¶ 23.) Although the children's mother complained repeatedly about the treatment of her children, no actions were taken by the defendants to protect the children or to correct the situation. (Compl. ¶¶ 30, 32, 37, 39, 40, 50.)

Nine causes of action were asserted: Title IX (Count One);[4] 42 U.S.C. § 1983 (Count Two); Failure to Train under 42 U.S.C. § 1983 (Count Three); Failure to Train, Supervise, and Discipline (Count Four); Negligence (Count Five); Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* (Count Six); Infliction of Emotional Distress (Count Seven); Vicarious Liability (Count Eight); and Loss of Consortium (Count Nine).

## II. DISCUSSION

**A.    Legal Standard**

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v.*

---

[4] Plaintiffs have abandoned this claim, *see* Doc. No. 21 at 10-11, and it is, therefore, dismissed with prejudice.

*Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)) . The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991).

**B.     Discussion**

    **1.     Mathews Local School District is not *sui juris***

Defendants' first argument is that Mathews Local School District is not *sui juris* and should be dismissed from the lawsuit. In the alternative, defendants assert that the School District and the Board of Education should be treated as synonymous. Plaintiffs argue in response that the School District is a "political subdivision" under O.R.C. § 2744.01(F) and, as such, is capable of being sued. Even so, plaintiffs state that they are not opposed to defendants' alternative suggestion.

Ohio courts seem to have differing views as to whether a school district is a proper party in a lawsuit. *See, e.g., Jones v. Huntington Local School Dist.,* No. 00CA2548, 2001 WL 243293 (Ohio App. 4 Feb. 8, 2001) (school district sued for negligence involving an automobile accident with a school bus); *but see Catchings v. Cleveland Public Schools,* No. 43730, 1982 WL 5261, at * 3, n.2 (Ohio App. 8 Apr. 1, 1982) ("The Cleveland Public Schools is not a legal entity which is capable of being sued. Rather, in legal actions involving schools, it is the board of education which must be sued."); *Matter of Ayersville School District*, No. 4-30-1, 1980 WL 352009, at *1 (Ohio App. 3 June 19, 1980) ("We also note that the respondent is a

school district which is merely a geographical area and not a body corporate, capable of suing and being sued, as is a board of education.")

Since there is no doubt that the Board of Education is capable of suing and being sued, *see* O.R.C. § 3313.17 ("[t]he board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued"), and since the Board of Education has been named as a party defendant, there may be no reason to retain Mathews Local School District as a defendant. However, one of the counts of the complaint is brought pursuant to 42 U.S.C. § 2000d, which prohibits discrimination on the basis of race, color, or national origin by "any program or activity receiving Federal financial assistance." The complaint alleges that the School District is such a program or activity. (Compl. ¶ 13.) In view of that fact, and since plaintiffs have agreed to defendants' alternative suggestion, the Court sees no harm in simply treating the School District and the School Board as a single party.

Accordingly, to that extent, defendants' motion is **GRANTED**.

### 2. Claims Against Defendant Superintendent Lee Seiple Must Be Dismissed

Defendants next move for the dismissal of Superintendent Lee Seiple, who has been sued solely in his official capacity. *See* Compl. ¶ 14; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). Plaintiffs argue that Seiple was an agent of the Board of Education and that he should not be dismissed because liability for his tortious conduct would flow through him to the Board, as his principal. Plaintiffs assert that "[i]f there is no liability assigned to the agent, it logically follows that there can be no liability imposed upon the principal for the agent's actions." (Doc. No. 21 at 3.)

4

Plaintiffs are confusing principles of agency with principles of official capacity suits. Seiple's presence in this lawsuit is not necessary. In fact, should he cease being the superintendent, because he has been sued only in his official capacity, his successor would be substituted. Whether or not Seiple is part of the lawsuit, facts can be developed to establish his actions and the fact-finder can determine from those facts whether the Board of Education is liable for Seiple's actions taken in his official capacity.

"Courts regularly dismiss as redundant claims against agents in their official capacities when the principal entity is also named as a defendant in the suit." *Carter v. Delaware County Bd. of Comm'rs*, No. 2:07-cv-1189, 2009 WL 544907, at * 15 (S.D. Ohio Mar. 3, 2009)[5] (citing *Von Herbert v. City of St. Clair Shores*, 61 Fed. Appx. 133, 140 n.4 (6th Cir. 2003); *Pethtel v. Washington County Sheriff's Office*, 2007 WL 2359765, * 5 (S.D. Ohio Aug. 16, 2007); *Gray v. City of Cincinnati*, 2006 WL 2193187, at * 8 (S.D. Ohio Aug. 1, 2006)).

Accordingly, because Seiple's principal is named in this lawsuit, claims against Seiple in his official capacity are redundant and should be dismissed. To that extent, defendants' motion is **GRANTED**.

### 3. The Board is Immune under Ohio's Political Subdivision Tort Liability Act

Defendants argue that all of plaintiffs' state law claims must be dismissed under O.R.C. § 2744.02(A)(1) which provides:

> For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

---

[5] In *Carter*, the court refused to dismiss individual defendants sued in their official capacities because the principal entity of which they were agents was not a party to the lawsuit.

Relying on *Butler v. Jordan*, 92 Ohio St. 3d 354 (2001), plaintiffs assert, without elaboration, that § 2744.02 violates a plaintiff's right to trial by jury guaranteed by Section 5, Article I of the Ohio Constitution and possibly the right to a remedy under Section 16, Article I. *Id*. at 568-72. In *Jordan*, the parents of a minor child who had suffered a fatal injury in a licensed daycare center sued the Cuyahoga County Department of Human Services for certifying the center. The Ohio Supreme Court concluded that the defendant was immune from liability. Although the issue had not been raised by the plaintiff and was, therefore, not before the court, the plurality opinion, in dicta, discussed the history of sovereign immunity in Ohio and concluded that "'sovereign immunity' never was nor should it ever have been a viable legal doctrine according to which government can injure its citizens with immunity when the same injury is redressable if caused by one of the government's citizens." *Id.* at 571. The opinion in *Jordan* was mere dicta, not binding upon this Court. Rather, this Court is bound by *Ellis v. Cleveland Municipal School Dist.*, 455 F.3d 690 (6th Cir. 2006), which affirmed a district court's holding that, despite the dicta in *Jordan*, the statute had never been ruled unconstitutional by the Supreme Court of Ohio[6] and had been unanimously upheld by every intermediate appellate court. *Id.* at 697.

A three-tiered analysis is used to determine whether a political subdivision is entitled to immunity from tort liability. *Cater v. City of Cleveland*, 83 Ohio St. 3d 24, 28 (1998). The first tier, set forth in the above-quoted statutory section, sets out a general rule that political subdivisions are not liable in damages for personal injuries or death of a person. Analysis at this

---

[6] In fact, "the law of the supreme court remains that the statute is constitutional." *Jordan*, 455 F.3d at 697 (citing *Fabrey v. McDonald Village Police Department*, 70 Ohio St. 3d 351 (1994) (holding that the liability act does not violate equal protection, due process, or article I, section 16, right to remedy provisions)).

6

tier requires a determination as to whether an entity is a political subdivision engaged in governmental or proprietary functions, a matter not disputed in the instant case. This general rule of immunity is not, however, absolute. There are five exceptions, set out in O.R.C. § 2744.02(B), and the second tier of the analysis focuses on whether any of these exceptions apply. At the third tier, immunity can be reinstated if any of the defenses in O.R.C. § 2744.03 are applicable.

Here, because the School District is a political subdivision, O.R.C. § 2744.01(F), performing the governmental function of providing a system of public education, O.R.C. § 2744.01(C)(2)(c), it is immune from suits for damages due to injury to a person unless its acts fall within one of the five statutory exceptions. Under O.R.C. § 2744.02(B), a political subdivision can be liable for injuries caused by "(1) the negligent operation of a motor vehicle by a school employee; (2) the negligence of a school employee with respect to 'proprietary functions'; (3) the political subdivision's negligent failure to keep the public roads in repair and free from obstruction; (4) the negligence of a school employee with respect to physical defects occurring within or on the grounds of school buildings; and (5) civil liability that is expressly imposed by statute on the political subdivision." *Bucey v. Carlisle*, No. C-090252, 2010 WL 2018376, at * 2 (Ohio App. 1 May 21, 2010).

None of these exceptions apply. The first exception relates only to "negligence in driving or otherwise causing the vehicle to be moved." *Doe v. Marlington Local Sch. Dist. Bd. of Educ.*, 122 Ohio St. 3d 12, 18 (2009). The second exception is inapplicable because the activities engaged in by the defendants were governmental, not proprietary. Clearly there is no allegation with respect to any responsibility regarding the condition of public roads; hence, the third exception is inapplicable. The fourth exception requires that the injury either occurs on the grounds of buildings used for the governmental function or is due to physical defects of such

grounds or buildings, facts not alleged herein. Finally, plaintiffs have not and could not allege any express imposition of civil liability relating to their claims.

Plaintiffs' arguments with respect to the statutory immunity are to no avail. First, they assert that "R.C. 2744.02(B)(4) does not protect a political subdivision or an employee of a political subdivision when the alleged action or inaction constitutes willful or wanton conduct." Doc. No. 21 at 6, quoting *Duff v. Coshocton County*, No. 03-CA-019, 2004 WL 1563404, at * 4 (Ohio App. 5 July 9, 2004)). The fundamental flaw in this argument is that it assumes § 2744.02(B)(4) applies. It clearly does not apply; there is no allegation in the complaint that plaintiffs' injuries were caused by physical defects occurring within or on the grounds of school buildings.

Plaintiffs also argue, again in reliance on *Duff*, that "R.C. 2744.03(A)(5) removes immunity from political subdivisions for 'the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.'" *Duff*, 2004 WL 1563404, at * 4. They argue that they alleged that defendants acted with malicious purpose, bad faith, or in a wanton or reckless manner. However, this argument ignores another portion of the *Duff* opinion which points out that "'R.C. 2744.03(A)(5) [. . .] is not an exception to immunity; it is a *defense* to liability. Only a [political subdivision] may assert the defenses and immunities provided in R.C. 2744.03, *in response to a claim of liability based on the statutory exceptions to immunity enumerated in R.C. 2744.02(B)*." *Id*. (quoting *Hill v. Urbana*, 79 Ohio St. 3d 130, 139 (1997) (Moyer, J., dissenting) (emphases in original)). The portion of § 2744.03(A)(5) referring to malicious purpose, bad faith, or wantonness is really an exception to the *defense*, not an exception to immunity. Section

2744.03(A)(5) is intended to restore lost immunity *unless* the political subdivision acted maliciously, in bad faith, or wantonly. Here, there is no lost immunity to restore and no need to make the argument that the *defense* set forth in § 2744.03(A)(5) is unavailable because of allegations of maliciousness, bad faith, or wantonness.

In view of the above discussion, the moving defendants are entitled to political subdivision immunity with respect to plaintiffs' state law claims in Counts Four, Five, Seven,[7] and Eight.[8] To that extent, the motion is **GRANTED**.

Further, because there is no underlying state tort that has survived, Count Nine (Loss of Consortium, a derivative claim) must also be dismissed. *Bowen v. Kil-Kare, Inc.*, 63 Ohio St. 3d 84, 93 (1992).

### III. CONCLUSION

For the reasons discussed above, defendant Lee Seiple is **DISMISSED** and all of plaintiffs' state law claims are **DISMISSED**. Further, defendants Mathews Local School District and Board of Education of Mathews Local School District shall be treated as one entity in this lawsuit. Finally, upon plaintiffs' withdrawal of the Title IX claim in Count One, that claim is **DISMISSED WITH PREJUDICE**.

In view of this ruling, the only claims remaining in the lawsuit are those contained in Counts Two, Three, and Six.

---

[7] To the extent Count Seven sets forth a claim for *intentional* infliction of emotional distress, the moving defendants enjoy immunity. There is no exception to governmental immunity for intentional torts. *Wilson v. Stark Cty. Dept. of Human Servs.*, 70 Ohio St. 3d 450, 452 (1994)).

[8] Courts have consistently refused to hold governmental entities liable for the torts of their employees or those they supervise merely under a theory of *respondeat superior*. *See, e.g.*, *Bd. of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (no section 1983 liability under a theory of *respondeat superior*).

**IT IS SO ORDERED**.

Dated: February 7, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**